## Patrick H. Heffron, John M. H. Burgett v. Frank S. Osborne and Louise N. Osborne.

1. Appellate Court Practice—*In Affirming Decrees.*—The Appellate Court, in affirming a decree, will not collate and recapitulate in its opinion the evidence contained in the record merely to demonstrate that the determination by the court below of a question of fact is right.

Bill for Relief.—Appeal from the Superior Court of Cook County; the Hon. John Barton Payne, Judge, presiding. Heard in this court at the October term, 1896. Affirmed. Opinion filed February 9, 1897.

Graham H. Harris, attorney for Patrick H. Heffron, appellant.

S. P. Shope, attorney for John M. H. Burgett, appellant.

Robert F. Pettibone, attorney for appellees.

Mr. Justice Gary delivered the opinion of the Court.

Between Heffron, and Gore and Heffron, and several others, the property which is the subject of contention here, with its incidents, has engaged a considerable portion of the time and attention of this court for several years.

666    APPELLATE COURTS OF ILLINOIS.

VOL. 68.] Farmers Loan and Trust Co. v. Lake St. El. R. R. Co.

Lots 15 and 16 were sold under a foreclosure decree, binding on all the parties in this suit, for an amount which required, April 17, 1895, $161,431.95 to satisfy, and that sum was raised from the resources of the appellee Louise, wife of the appellee Frank, and the title to the property taken in his name as trustee for her.

The question in this case—which the court below decided in the negative—is whether there was any other trust, or any arrangement which a court of equity would construe, or from which it would raise, some sort of trust in favor of somebody else upon the happening of some event.    One appellant assigns sixteen and the other seventeen errors on this negative decree; and the appellees assign seven cross-errors, but the lapse of time will cure them before this opinion will be filed.

Duty does not require that we collate and recapitulate in this opinion the evidence contained in this record of hundreds of pages, merely to demonstrate that the determination by the Superior Court of a question of fact is right.

The decree is affirmed.